UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| NICOLE L. BOETTGER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:20-cv-00134 |
| LENDING DOLLARS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Nicole L. Boettger ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Lending Dollars, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin, Plaintiff resides in the Eastern District of Wisconsin, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age is a "person" as defined by 47 U.S.C. §153(39).

1

5. Defendant is corporation providing high-interest loans to consumers in Wisconsin. Defendant's principal place of business is located at 7031 Orchard Lake Road, Suite 201A, West Bloomfield, Michigan 48322.

## FACTS SUPPORTING CAUSES OF ACTION

6. In or around September 2019, Plaintiff obtained a high-interest personal loan from Defendant ("subject debt").

7. Due to financial hardship, Plaintiff was unable to make monthly payments on the subject debt.

8. In or around October 2019, Plaintiff began to receive collection calls from Defendant to her cellular telephone number (402) XXX-0791, in an attempt to collect on the defaulted subject debt.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 0791.

10. Immediately after the calls began, Plaintiff answered a call from Defendant and demanded it stop calling her.

11. Despite Plaintiff's requests, Plaintiff has continued to receive frequent collection calls from Defendant.

12. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from October 2019 through the present day.

13. In the call that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

14. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

15. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

16. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

## DAMAGES

17. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

19. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

20. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

23. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

24. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

25. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

26. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

27. Defendant violated the TCPA by placing numerous harassing phone calls to Plaintiff's cellular telephone from October 2019 through the present day, using an ATDS without her prior consent.

28. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

29. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

30. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

31. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

33. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, NICOLE L. BOETTGER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: January 28, 2020                                Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com